**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HECTOR MATOS, JR.

                              Plaintiff,

              - v -                                          Civ. No. 9:07-CV-336
                                                                (GLS/RFT)
T. McKINNEY, *Sergeant*, *et al.*,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

HECTOR MATOS, JR.
Plaintiff, *Pro Se*
PO Box 506
Bronx, NY 10463

HON. ANDREW M. CUOMO                          STEVEN H. SCHWARTZ, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorneys for the Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

     *Pro se* Plaintiff Hector Matos, Jr., filed this civil rights action, pursuant to 42 U.S.C. § 1983,

alleging that on April 18, 2004, the Defendants violated his Eighth Amendment rights by beating

him and failing to prevent that alleged beating.  Dkt. No. 1, Compl.  Presently before the Court is

Defendants' Motion to Dismiss the Complaint for failure to prosecute, pursuant to Fed. R. Civ. P.

41(b).[1]  Dkt. No. 34, Defs.' Mot. to Dismiss.  Despite being given an extension of time, Plaintiff has

---

[1] Defendants Motion is labeled "Motion for Judgment on the Pleadings," however, it is clear from their Memorandum of Law that the Defendants intended to file a Motion to Dismiss pursuant to Rule 41(b) on the grounds that Plaintiff has failed to comply with discovery requests and to diligently prosecute this matter.  *See* Defs.' Mot. to Dismiss, Mem. of Law.  Therefore, we construe this Motion as a Motion to Dismiss pursuant to Rule 41(b).

not opposed this Motion.  *See generally* Dkt.  For the reasons that follow, it is recommended that

the Motion be **granted**.

## I. BACKGROUND

Defendants assert that on September 17, 2007, through their counsel, they served Plaintiff

with their First Set of Interrogatories at the address provided on the docket. Dkt. No. 34, Defs.' Mot.

to Dismiss, Mem. of Law, at p. 3.  A copy of that discovery request has been attached to the

Defendants' Motion.  Dkt. No. 34, Steven H. Schwartz, Affirm., dated Dec. 20, 2007, Ex. A, First

Set of Interrogs., dated Sept. 17, 2007.  Both the interrogatories and the cover letter attached to them

specifically state: "**a response is required within 30 days of the service of the request**."  *Id.*

(emphasis in original).  Plaintiff did not respond within thirty (30) days, prompting Defendants,

through their Counsel, to write Plaintiff on October 29, 2007, informing him that forty-five (45) days

had passed since service of the interrogatories, and reminding Plaintiff of his obligation to respond.

Schwartz Affirm., Ex. B, Defs.' Lt. to Pl., dated Oct. 29, 2007.  In that letter, Defendants also

warned Plaintiff that "failure to respond may result in dismissal of your action due to a failure to

prosecute." *Id.*

Defendants assert that Plaintiff again failed to respond.  Through counsel, Defendants wrote

Plaintiff another letter reminding him of his original duty to respond within thirty (30) days of

service, asking if he needed additional time to respond, and warning him that "failure to respond

may result in my filing a Motion to Dismiss for Failure to Prosecute, and the dismissal of your action

due to a failure to prosecute."  Schwartz Affirm., Ex. C, Defs.' Lt. to Pl., dated Nov. 27, 2007.

Plaintiff failed to respond to that letter as well.  Defs.' Mem. of Law at p. 3.

Thereafter, Defendants filed this Motion to Dismiss on December 20, 2007, and the Court

directed Plaintiff to file a Response to the Motion by January 22, 2008.  Dkt. No. 34.  After

receiving no response from Plaintiff, the Court, *sua sponte*, extended Plaintiff's time to file a

response until May 19, 2008.  Dkt. No. 35, Order.  In that Order, we warned Plaintiff that

> **failure to respond may, if appropriate, result in the granting of Defendants'
> Motion, in which [case] there will be no trial**.  *See* N.D.N.Y.L.R. 7.1(b)(3)
> ("Where a properly filed motion is unopposed and the Court determines that the
> moving party has met its burden to demonstrate entitlement to the relief requested
> therein, the non-moving party's failure to serve any papers as required by this Rule
> shall be deemed as consent to the granting or denial of the motion, as the case may
> be, unless good cause is shown.")

*Id*. (emphasis in original).

To date, Plaintiff has not responded to the Defendants' Motion.  *See generally* Dkt.

## II. DISCUSSION

FED. R. CIV. P. 41(b) permits a court to dismiss an action "[f]or failure of the plaintiff to

prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court[.]"

However, dismissal under FED. R. CIV. P. 41(b) is considered a "harsh remedy" and should be

utilized only in "extreme circumstances."  *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)

(quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d. Cir. 1996)).  In addition, when, as here, there is a *pro*

*se* litigant, "[d]istrict courts should be especially hesitant to dismiss for procedural deficiencies[.]"

*Id*.  Dismissals pursuant to Rules 37 and 41 are within the discretion of the courts pursuant to their

authoritative and discretionary control over case management and calendar congestion.  *See Dodson*

*v. Runyon,* 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998),

(citing *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 148, 485 (2d Cir. 1994)).

Determining whether a Rule 41(b) dismissal is warranted requires a court to examine the

record as a whole, and specifically to consider the following factors: (1) the duration of the

plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure

to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Id*. at 112-13 (citing *Lucas v. Miles*, 84 F.3d at 535 & *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (other citations omitted)). Generally, no factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at 485.

Applying the factors recited above to the present case, we find that dismissal is warranted. The docket and the submissions presented to the Court show that Plaintiff has failed to respond to Defendants' discovery requests for nearly eleven (11) months, and likewise to the Court's Order to file a response to Defendants' Motion for nearly eight (8) months. Plaintiff was warned both in Defendants' correspondences and in the Court's April 14, 2008 Order that failure to respond could result in the dismissal of his claims. *See* Defs.' Lts. to Pl., dated Oct. 29 & Nov. 27, 2007; Dkt. No. 35, Order. Furthermore, "[p]rejudice to defendants resulting from an unreasonable delay may be presumed[.]" *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). In light of Plaintiff's complete failure of communicate with his adversaries and the Court, we are left with no excuse or justification that could mitigate Plaintiff's unreasonable delay.

Defendants have been put in the compromised position of attempting to defend against an accusation of physical abuse in violation of the Eighth Amendment without any access to information possessed by the accuser. Likewise, the Court's ability to manage its docket and process claims has been hampered by Plaintiff's complete lack of communication with the Court since he submitted his Inmate Authorization Form on April 16, 2007. Dkt. No. 5. Pursuant to Local Rule 41.2(a), "the plaintiff's failure to take action for four (4) months shall be presumptive evidence

of lack of prosecution."

Plaintiff's complete failure to communicate or otherwise participate in the discovery phase of his lawsuit evidences a lack of consideration for the Defendants, whom he has accused, and for the Court in which he seeks his redress.  Plaintiff has "refus[ed] to play by the basic rules of the system upon whose very power [he] is calling [on] to vindicate his rights."  *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (quoting the district court opinion, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), in the context of noting that while *pro se* litigants are provided special solicitude due to the difficulties they face, such special treatment would not extend to those litigants who willfully disobey court orders).

Plaintiff was explicitly warned that his failure to respond to the Defendants' Motion could result in dismissal of his claim.  Dkt. No. 35, Order (stating that "**failure to respond may, if appropriate, result in the granting of Defendants' Motion, in which [case] there will be no trial**." (emphasis in original) (citing N.D.N.Y.L.R. 7.1(b)(3)).  Furthermore, we granted Plaintiff additional time to respond to said Motion before considering it.  Notably, none of the Court's mailings to Plaintiff have been returned as undeliverable.  Because it is Plaintiff's responsibility to keep his address updated, we can presume he received proper notification of the pending Motion and the consequences that would result from his failure to respond.  *See* N.D.N.Y.L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action.").  As we warned Plaintiff, his failure to defend his action constitutes acquiescence to the relief sought by Defendants.

The Court believes that, considering Plaintiff's total lack of communication since April 2007, imposing sanctions would only temporarily prolong the life of this claim, further prejudicing

-5-

Defendants and burdening the Court.  However, considering the Plaintiff's *pro se* status, as well as the Second Circuit's instruction to consider sanctions less drastic than dismissal, we recommend in the alternative that Plaintiff be offered one final opportunity to respond to the Defendants' discovery request.  In this regard, we would recommended that Plaintiff be instructed to respond to the Defendants' Interrogatories **within thirty (30) days** of the date the District Court adopts this Report-Recommendation and Order, should it do so.   If the District Court adopts this recommendation, Defendants are directed to file an affidavit with the Court certifying whether or not they received the Court-ordered discovery.  In the event Plaintiff fails to respond within the time-allotted, we recommend that the District Court **dismiss** Plaintiff's Complaint for failure to prosecute.

### III. CONCLUSION

For the reasons stated herein,  the Court finds that Plaintiff's lack of communication with the Defendants and the Court constitutes a failure to prosecute this action in good faith.  Thus, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 34) be **GRANTED** and this matter **DISMISSED**; and it is further

**RECOMMENDED**, in the alternative, that, though Plaintiff's failure to diligently prosecute this matter warrants dismissal, in light of Plaintiff's *pro se* status, prior to dismissing this matter, Plaintiff should be afforded **thirty (30) days** from the date the District Court issues a decision on this Report-Recommendation and Order to respond to the Defendants' Interrogatories.  In the event this recommendation is adopted, Defendants shall, at the expiration of Plaintiff's time to respond, submit an affidavit to the Court certifying whether or not they received the requested discovery.  In

the event Plaintiff fails to provide the Court-ordered discovery, this matter should be dismissed; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   August 21, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge